# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANCHOR ELEVATOR & ESCALATOR L.L.C., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALIMAK HEK INC., ) <br> ) <br> Defendant. ) <br> ) | Case No. <br><br> **DEMAND FOR JURY TRIAL** |

## Complaint

Plaintiff, Anchor Elevator & Escalator L.L.C., by and through its undersigned attorneys, and for its Complaint against Alimak Hek Inc., alleges the following:

### The Parties, Jurisdiction and Venue

1. Anchor Elevator & Escalator L.L.C. ("Anchor") is an Illinois Limited Liability Company with its principal place of business located in Alsip, Illinois.

2. Alimak Hek, Inc. ("Alimak") is a Connecticut corporation with its principal place of business located in Houston, Texas.

3. The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a) based upon the complete diversity of citizenship between the parties and the fact that the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.00.

4. The Court has personal jurisdiction over Alimak under 735 ILCS § 5/2-209 and the due process requirements of the United States Constitution.

5. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

1241973.1

**Facts Common to All Counts**

6. Alimak is an elevator manufacturing corporation that sells elevators and other related products throughout the United States.

7. Anchor provides installation, repair and maintenance services for elevators and other related products.

8. At all times relevant, Alimak and Anchor had on-going business dealings whereby Alimak regularly retained Anchor to act as a subcontractor on elevator installation projects involving elevators sold by Alimak.

9. In addition, Alimak would periodically retain Anchor to perform maintenance and service work on elevators sold by Alimak.

**Count I - Breach of Contract**

10. Anchor incorporates and realleges paragraphs 1-9 as though fully set forth herein.

11. Pursuant to contracts between Anchor and Alimak, Anchor provided elevator installation, maintenance and repair services for elevators sold by Alimak.

12. Anchor has performed any and all of the conditions and terms required of Anchor with respect to the installation, maintenance and repair services Alimak retained Anchor to provide.

13. In connection with the services performed by Anchor for Alimak, Anchor issued certain invoices to Alimak based upon agreed to prices for the work.

14. Alimak has failed to pay Anchor an amount in excess of $75,000 for installation, maintenance and repair services provided by Anchor and invoiced to Alimak.

15. The installation, maintenance and repair services that are the subject of this Complaint and for which Alimak has not paid Anchor, were performed by Anchor in several

states, including Illinois, Ohio, Tennessee, Michigan and Ohio, and during the years 2007, 2008 and through the date of the filing of this Complaint in 2009.

16. To date, Alimak has wrongfully failed and refused to pay Anchor for the amounts due and owing to Anchor.

17. Alimak has breached its agreements with Anchor by failing to pay Anchor for the services rendered and invoiced to Alimak.

18. In addition, in 2007 Anchor purchased a Champion Model US-60-1RNU elevator system from Alimak. In connection with that purchase, Alimak breached the purchase agreement by forcing Anchor to pay $25,000 that Alimak had previously agreed to credit toward the purchase price as an "AP OFFSET" for monies owed by Alimak to Anchor for past services performed by Anchor for Alimak.

WHEREFORE, Plaintiff, Anchor Elevator & Escalator L.L.C. requests judgment in its favor and against Defendant Alimak Hek Inc. in an amount in excess of $100,000, plus an award of all costs, interest, expenses and such other and further relief as this Court deems just.

## Count II - Misappropriation

19. Anchor incorporates and realleges paragraphs 1-9 as though fully set forth herein.

20. Alimak contacted Anchor about installing an elevator sold by Alimak on a project known as the Coffeen Power Station in Coffeen, Illinois (the "Coffeen Project").

21. Anchor agreed to provide the elevator installation services, as a subcontractor of Alimak, for the amount of $90,000.

22. In 2008, Alimak obtained the permit necessary for the installation of the Alimak elevator on the Coffeen Project, using Anchor's license number.

3

23. In Illinois, contractors performing elevator installations are required to be licensed by the State of Illinois. Additionally, all elevator installation work done within the State of Illinois has to be performed by Illinois licensed elevator mechanics.

24. At all times relevant, Anchor was an Illinois licensed contractor and Anchor employed Illinois licensed elevator mechanics.

25. Subsequent to Alimak obtaining the permit, but prior to Anchor beginning the installation of the elevator at the Coffeen Project, Alimak notified Anchor that the project was on hold.

26. At Alimak's request, Anchor forwarded the permit to Alimak so Alimak could retain the permit until the project was started.

27. Alimak then retained another company based in Boston, Massachusetts to install the Alimak elevator on the Coffeen Project. That elevator installation was performed under Anchor's permit. That work was performed in or about 2009.

28. The permit that was issued to Anchor for the elevator installation at the Coffeen Project solely authorized Anchor to perform the installation of the elevator.

29. Anchor did not authorize Alimak or the company retained by Alimak to install the elevator to utilize Anchor's permit.

30. Alimak used the permit obtained by Anchor to complete the elevator installation that could not otherwise have been performed without an Illinois licensed contractor and Illinois licensed elevator mechanics.

31. Through its unauthorized use of the permit issued to Anchor, and by having another contractor install the elevator on the Coffeen Project under Anchor's permit, Alimak exposed Anchor, as the contractor authorized to perform the elevator installation under the

4

permit, to potential liability arising from the elevator installation work as performed by the other company retained by Alimak.

32.  Alimak wrongfully misappropriated Anchor's permit for Alimak's own commercial gain.

WHEREFORE, Plaintiff, Anchor Elevator & Escalator L.L.C. requests judgment in its favor and against Defendant Alimak Hek Inc. in a sum to be determined at trial, plus an award of all costs, interest, expenses and such other and further relief as this Court deems just.

### Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Anchor hereby demands a trial by jury.

**CLAUSEN MILLER, P.C.**

Dated: April 27, 2009  By:  /s/ *James M. Hoey*
James M. Hoey (Illinois # 1233505)
Thomas S. Gozdziak (Illinois # 6226777)
Ryan A. Lee (Illinois # 6293210)
10 South LaSalle Street
Chicago, Illinois 60603-1098
Telephone: (312) 855-1010
Fax: (312) 606-7777
E-Mail:  jhoey@clausen.com
tgozdziak@clausen.com
rlee@clausen.com

Attorneys for Plaintiff ANCHOR ELEVATOR & ESCALATOR L.L.C.

1241973.1